1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   DEAUNDRE L. BOWMAN,              )   Civil No. 05CV0376 JAH(CAB)
                                      )
11                    Petitioner,     )   ORDER DENYING CERTIFICATE
     v.                               )   OF APPEALABILITY
12                                    )
     JAMES TILTON,                    )
13                                    )
                      Respondent.     )
14                                    )
     _____   )
15

16          Petitioner has filed a request for a certificate of appealability of this Court's order denying his
17
     petition for writ of habeas corpus.  A certificate of appealability shall be issued "if the applicant has
18
     made a substantial showing of the denial of a constitutional right."  28 U.S.C §2253(c)(2).  In order
19
     to meet this threshold, petitioner must either show that : (1) the issues are debatable among jurists of
20
     reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are
21
     adequate to deserve encouragement to proceed further.  Lambright v. Stewart, 220 F.3d 1022, 1024-25
22
     (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880
23
     (1983).
24
            Petitioner raises the same issues in his certificate of appealability as he did in his habeas
25
     petition and objections to the magistrate judge's report and recommendation: (1) whether petitioner
26
     was denied his fourteenth amendment right to a fair trial when the trial court failed to sever
27
     petitioner's trial from his co-defendant; (2) whether petitioner received ineffective assistance of
28
     counsel during trial; (3) whether petitioner was denied his fifth and fourteenth amendment rights

                                                                                        05cv0376

because there was insufficient evidence to support a conspiracy conviction; (4) whether the trial court erred by failing to instruct on the lesser included offense of manslaughter; (5) whether the trial court erred by failing to instruct on the law relating to the testimony of an accomplice; (6) whether the trial court failed to instruct the jury that an element of conspiracy was the specific intent to commit a target crime; (7) whether the trial court improperly defined the intent required for assault; (8) whether the trial court failed to give CALJIC 17.01 with regard to count 9; (9) whether the magistrate judge and district court judge abused its discretion by failing to hold an evidentiary hearing to resolve disputed facts.

In its order on the instant petition, this Court denied claim 1 because it found that the presentation of an antagonistic defense by petitioner's co-defendant at trial did not violate defendant's due process rights.  This Court denied claim 2 because petitioner could not show any prejudice from the alleged deficiencies of trial counsel.  Additionally, this Court agreed with the magistrate judge's analysis that sufficient evidence had been presented at the trial court to support petitioner's convictions on all counts and thus denied claim 3.

On the matter of claims 4 and 5, this Court found the evidence did not warrant *sua sponte* jury instructions on the lesser included offense of manslaughter or accomplice testimony and subsequently denied those claims.  While the court did acknowledge the trial court's error in claim 6, this Court denied that claim because the trial court's failure to instruct on the specific intent element of the conspiracy charge did not have a "substantial and injurious" effect on the jury's verdict.  The Court also agreed with the magistrate judge that claim 7 should be denied.  The jury instruction error listed in claim 7 was harmless because the jury found petitioner guilty of first degree murder, a count which necessitated a finding that petitioner had the requisite intent to commit the act, based on the same nucleus of facts that underpinned the assault charge.

In claim 8, petitioner argues the trial court erred when it failed to instruct the jury with CALJIC 17.01 for the assault with a semi-automatic firearm count.  According to petitioner, there were two different acts that could have supported the assault conviction.  Petitioner contends the trial court's error allowed the jury to convict him without unanimously agreeing on the act supporting the conviction, as required by CALJIC 17.01 (i.e. half the jury could have found that petitioner committed

one act while the other half found petitioner committed a different act).  This court adopted the magistrate judge's analysis that this failure was harmless because the jury unanimously agreed to convict petitioner of attempted murder based on the same act that formed the basis of the assault charge.  Thus, whether any members of the jury also believed petitioner committed a different act that could have supported the assault conviction is irrelevant and any failure to instruct in this regard is harmless.

Finally, petitioner requests a certificate of appealability on this court's denial of petitioner's request for an evidentiary hearing.  Because petitioner still has not alleged which facts, if any, need to be discovered through an evidentiary hearing, this request is denied.

After a careful review of the record, this Court finds that the issues presented are not debatable among jurists of reason, another court would not resolve these issues in a different manner and petitioner has not presented any questions that should be encouraged to proceed further.  Accordingly, petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED:  February 20, 2009

JOHN A. HOUSTON
United States District Judge

3

05cv0376